# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KENNETH TOWNE,         )
                               )

        Movant,       )
                               )

     v.                 )          No. 4:09-CV-1170 CAS
                               )

UNITED STATES OF AMERICA,  )
                               )

        Respondent.   )

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the Court's order to show cause. On July 30, 2009, the Court ordered movant to show cause why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as time-barred. Movant has responded that his pro se status and lack of legal knowledge should excuse the fact that he filed the instant action more than one year after the limitations period ended.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not

been warranted"); <u>Jihad</u>, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); <u>Flanders v. Graves</u>, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling). Movant has failed to show that extraordinary circumstances beyond his control made it impossible for him to timely file the instant action. As a result, the Court will dismiss this action as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>24th</u> day of September, 2009.